IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

WILLIE MAE DAVIDSON, and all Plaintffs
identified in paragraph 1 of the Complaint                                                    PLAINTIFFS

V.                                                                         CAUSE NO.: 1:10CV13-SA-JAD

EXPRESS SERVICES, INC., et al.                                                                  DEFENDANTS

MEMORANDUM OPINION

Defendants filed a Motion for Summary Judgment [211] on the basis that many of the numerous plaintiffs in this case failed to exhaust their administrative remedies before the Mississippi Department of Employment Security (MDES), were barred by administrative res judicata, or could not present evidence to support the claims made in the Amended Complaint. Defendants withdrew their summary judgment motion as to 101 plaintiffs. The remaining twenty-three plaintiffs have responded,[1] and the Court finds as follows:

*Allegations of the Amended Complaint*

The Amended Complaint [203] alleges that the claims of all Plaintiffs are linked by a distinct litigable event. Specifically, Plaintiffs were all hired by Express Services to perform work at Griffin Incorporated from 2007 until September of 2008. On September 23, 2008, Plaintiffs were laid off due to lack of work at Griffin Incorporated. Plaintiffs assert that Defendant held a meeting and informed the Plaintiffs that they were not required to call in to work to receive unemployment

---

[1] These plaintiffs are referred to as the "Responding Plaintiffs" : (1) James Brandon; (2) John Burnette; (3) Brian Deavens; (4) Rodney Fears; (5) Levontay Ferguson; (6) Anthony Tyrone Gardner; (7) Jamal Greene; (8) Joanne House; (9) Ivory Howard; (10) Freddie Humphreys; (11) Kevin Jones; (12) Jamie Lyles; (13) Jarvis Lyles; (14) Jesse Morton; (15) Bridget Randle; (16) Latasha Randle; (17) Sammie Lee Rice; (18) Tanasha Roland; (19) Jayanta Thomas; (20) Bobby Tolliver; (21) Shirletta Walker; (22) Walter Walker; (23) Thomas Williams.

compensation benefits. Plaintiffs claim Defendant then amended their Handbook to require employees to continue to call in after a lay off in order to remain an employee. Even though the new "call in" policy did not apply to Plaintiffs, according to Plaintiffs, Defendant represented to MDES that the Plaintiffs did not "call in," therefore, they had voluntarily quit or abandoned their work. This representation caused MDES to deny or terminate the unemployment compensation benefits to Plaintiffs. MDES additionally demanded repayment of unemployment benefits paid to Plaintiffs.

*Summary Judgment Standard*

Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

*Discussion*

The Responding Plaintiffs answered the Defendants' Motion for Summary by admitting that they are unable to demonstrate a genuine issue of material fact or contest Defendants' entitlement to judgment as a matter of law. The Responding Plaintiffs, therefore, do not object to the Court's granting of Defendants' Motion for Summary Judgment as the claims of the Responding Plaintiffs do not arise out of the distinct factual circumstances alleged in the Amended Complaint and/or the Responding Plaintiffs are unable to offer any evidence to establish causation of their alleged damages.

In particular, the Responding Plaintiffs note that the following plaintiffs either voluntarily left work or were found by MDES not to have been laid off in September 2008:

- James Brandon

- Brian Deavens
- Anthony Tyrone Gardner
- Kevin Jones
- Jamie Lyles
- Jarvis Lyles
- Sammie Lee Rice
- Bobby Tolliver
- Thomas Williams

These plaintiffs' factual situations do not fit within the specific allegations of the Complaint. Accordingly, Defendants' Motion for Summary Judgment as to the above-listed plaintiffs is GRANTED.

Several Responding Plaintiffs refused to participate in discovery or failed to maintain contact with their counsel. Responding Plaintiffs' counsel represents that each Responding Plaintiff was apprised that failure to provide an affidavit necessary to establish proximate causation between the conduct of Express and their claimed damages would result in the dismissal of their claims. Despite these warnings, the following plaintiffs failed to provide the required documentation to support their claim:

- John Burnette
- Rodney Fears
- Levontay Ferguson
- Jamal Greene
- Joanne House
- Ivory Howard
- Freddie Humphreys
- Jesse Morton
- Latasha Randle
- Jayanta Thomas
- Shirletta Walker
- Walter Walker

Therefore, these plaintiffs have failed to establish a genuine issue of material fact as to an element

of their claim, proximate causation. Summary judgment as to these plaintiffs is therefore appropriate.

Bridget Randle and Tanasha Roland are unique among the Responding Plaintiffs in that both were laid off due to a lack of work in September of 2008; however, neither were required to reimburse MDES for overpayment. Thus, these individuals received all unemployment compensation benefits due them. Moreover, there is no evidence that Express represented to MDES that Randle or Roland failed to comply with a post-assignment contact requirement, the very basis for relief in the Amended Complaint. Accordingly, those Plaintiffs' claims are dismissed as well.

*Conclusion*

The Responding Plaintiffs have failed to offer evidence demonstrating a genuine issue of material fact and are unable to contest Defendants' entitlement to summary judgment. The claims of some of the Responding Plaintiffs do not arise out of the distinct factual circumstances alleged in the Complaint, and some Responding Plaintiffs failed to execute an affidavit necessary to establish causation of their alleged damages.

Defendants' Motion for Summary Judgment [211] as to the twenty-three Responding Plaintiffs is GRANTED.

SO ORDERED, this the 7th day of July, 2011.

                                        **/s/ Sharion Aycock**
                                        **U.S. DISTRICT JUDGE**